UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 20-CR-41 |
| ROLANDO CLARK | SECTION: "A" |

## ORDER & REASONS

Before the Court is Defendant Rolando Clark's **Motion to Reconsider Reduction of Sentence Pursuant to U.S.C. § 3582(c)(2) Amendment 821 Sub Part 1 Part B (Rec. Doc. 316)**. For the following reasons, the motion is denied.

### I. Background

On April 12, 2021, Rolando Clark pleaded guilty to a one-count indictment charging him with conspiring to distribute and possess with the intent to distribute a kilogram or more of a mixture and substance containing a detectable amount of heroin and five kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of Title 21, United States Code, Sections 841(a), 841(b)(1)(A), and 846.[1] Clark was granted a pretrial release in this matter, but it was revoked when he was arrested for violating federal narcotics laws by trafficking 15 kilograms of cocaine in the Southern District of Texas.[2] He was sentenced by this Court to a total term of imprisonment of 120 months on February 8, 2022.[3]

On March 20, 2024, Clark filed a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which was referred to the 821 Screening Committee for further review and screening.[4] His motion was subsequently denied based on the Screening Committee's finding that Clark is ineligible for a reduction because he did not receive any status points for being on

---

[1] Rec. Doc. 112, at 1.

[2] Rec. Doc. 148. On October 5, 2022, Clark was sentenced by a district judge in the Southern District of Texas to total term of eighty-one (81) months to be served consecutive to the sentence imposed by this Court. *See United States v. Rolando Clarke*, No. 4:21-cr-414, Rec. Doc. 64 (S.D. Tex. Oct. 5, 2022).

[3] Rec. Doc. 245.

[4] Rec. Doc. 300; Rec. Doc. 301 (entered Mar. 25, 2024).

probation, parole, or supervised release.[5]

On April 10, 2025, Clark filed the instant motion seeking reconsideration of the Court's order denying his motion for reduction of his sentence.[6] His motion notes that he "agrees" that he is ineligible for a reduction based on the fact that he did not receive status points for being on probation, parole, or supervised release; but argues that he is eligible for a reduction on the separate basis that a new sentencing guideline "provides a decrease of two offense levels for 'Zero-Point Offenders' (no criminal history points) whose offense did not involve specific aggravating factors."[7] Accordingly, he asserts that, based on his total offense level of 25 and criminal history category of I, his sentence should be reduced to comport with the advisory guideline imprisonment range of 57 to 71 months.[8]

## II. Law & Analysis

Under Fifth Circuit precedent, a district court's "authority to correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b)." *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). "Although there is no statute or rule setting forth the time limits for filing a motion for reconsideration in a criminal case, it is well settled that 'motions for reconsideration are timely if filed within the time prescribed for noticing an appeal under Fed. R. App. P. 4(b).'" *United States v. Collins*, 712 F. App'x 392, 394 n.3 (5th Cir. 2017) (quoting *United States v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995)). Under Federal Rule of Appellate Procedure 4(b), a notice of appeal is timely filed within 14 days of the entry of the judgment or order being appealed. Fed. R. App. P. 4(b)(A)(i). Accordingly, the instant motion for reconsideration (filed nearly 11 months after the entry of this Court's order denying Clark's motion to reduce his sentence) is untimely, and the Court may deny it on that basis alone.

But even if the motion for reconsideration was timely filed, it would still be denied because

---

[5] Rec. Doc. 307.

[6] Rec. Doc. 316.

[7] *Id.* at iii (citing U.S.S.G. § 4C1.1).

[8] *Id.* at ii.

Clark is serving a statutory mandatory minimum term of imprisonment. Under 18 U.S.C. § 3582(c)(2), a district court has authority to reduce a defendant's sentence under certain limited circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.*

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority and has articulated the policy and proper procedure for implementing those amendments. *See* U.S.S.G. § 1B1.10(d).

Among these amendments includes Amendment 821, which created an adjustment provision in sentences for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. However, a reduction "is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . [the amendment] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (***e.g., a statutory mandatory minimum term of imprisonment***)." USSG § 1B1.10 cmt. n.1(A) (emphasis added).

Clark is not eligible for any reduction in sentence because he was sentenced to the statutory mandatory minimum term of 120 months under 21 U.S.C. § 841(b)(1)(A), and that statute has not changed.[9]

---

[9] *See* Rec. Doc. 245, at 2.

Accordingly;

**IT IS ORDERED** that Defendant's **Motion to Reconsider Reduction of Sentence Pursuant to U.S.C. § 3582(c)(2) Amendment 821 Sub Part 1 Part B (Rec. Doc. 316)** is **DENIED**.

April 22, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE